591 S.E.2d 235

**Tony Dean ARBAUGH, Jr.,**
**Plaintiff Below**

v.

**BOARD OF EDUCATION, the COUNTY OF PENDLETON, a Public Corporation, Ferlin Heavener, Individually, and in His Capacity as an Employee of the Pendleton County Board of Education, Calvin Thompson, Individually, and in His Capacity as Principal of Circleville School for the Pendleton County Board of Education, Sandra Hedrick, Individually, and in Her Capacity as an Employee of the Pendleton County Board of Education, Robin Kyle, Individually, and in Her Capacity as an Employee of the Pendleton County Board of Education, Janice Raines, Individually, and in Her Capacity as an Employee of the Pendleton County Board of Education, Charles R. Teter, Individually, and in his Capacity as an Employee of the Pendleton County Board of Education, Dr. Alan Canonico, Individually, and in His Capacity as Superintendent and Principal of Circleville School for the Pendleton County Board of Education, Janie Ours, Individually, and in Her Capacity as an Employee of the West Virginia Department of Health and Human Resources, Lori Thomas, Individually, and in Her Capacity as an Employee of the Chil-**

dren's Home Society of West Virginia, West Virginia Department of Health and Human Resources, a Government Entity, and Children's Home Society of West Virginia, a Non–Profit Organization, Defendants Below.

No. 31346.

Supreme Court of Appeals of West Virginia.

Submitted Nov. 18, 2003.

Decided Dec. 3, 2003.

Lary D. Garrett, Garrett & Garrett, Moorefield, and Jeffrey R. Roth, Petersburg, for the Plaintiff.

Nancy W. Brown, Jacquelyn J. Core, M. Dawn Alexander, Steptoe & Johnson, PLLC, Clarksburg, for the Defendants, Pendleton County Board of Education, Robin Kyle, Charles R. Teter, and Dr. Alan Canonico.

Tamara J. DeFazio, Spilman, Thomas & Battle, Morgantown, for the defendant, Calvin Thompson.

J. Victor Flanagan, Julie Meeks, Marianna McHugh, Pullin, Knopf, Fowler & Flanagan, Charleston, for the defendant, Sandra Hedrick.

Jeffrey D. Taylor, Rose, Padden & Petty, Fairmont, for the defendant, Children's Home Society of West Virginia.

LaVerne Sweeney, Grafton, for Amicus Curiae, John Barbina.

ALBRIGHT, Justice:

This case involves a certified question from the United States District Court for the Northern District of West Virginia in which we are asked to resolve the question of whether there is an implied private cause of action for failure to report suspected child abuse as required by West Virginia Code § 49–6A–2 (2001) (Repl. Vol. 2001). We conclude that relevant West Virginia law does not give rise to a private cause of action in this regard.

### I. Background

On July 7, 2001, Tony Dean Arbaugh, Jr. (hereinafter referred to as "Mr. Arbaugh") filed suit in the United States District Court for the Northern District of West Virginia, with one count in his complaint alleging a private cause of action against several education and social service defendants for failure to report suspected abuse pursuant to West Virginia Code § 49–6A–2 (sometimes hereinafter referred to as "reporting statute").[1] The defendants moved to dismiss this count of the complaint, alleging that West Virginia has never recognized a private cause of action for such reporting failure. The dismissal motion was among the preliminary matters assigned to a federal magistrate. After briefing and a hearing on the issues related to the motion to dismiss, the magistrate entered an order on May 9, 2002,

---

1. In addition to the teacher who allegedly abused the plaintiff, the defendants against whom this claim was charged include: the Pendleton County Board of Education; a former superintendent of schools and principal at the school where the abuse occurred; a former principal, two teachers and a coach at the school where the abuse oc-

curred; the West Virginia Department of Health and Human Resources and one of its employees; and the West Virginia Children's Home Society and one of its employees. Our general reference herein to the defendants excludes the teacher who committed the abusive acts.

in which he found that pursuant to West Virginia Code § 55–7–9 and this Court's decision in *Hurley v. Allied Chemical Corporation*, 164 W.Va. 268, 262 S.E.2d 757 (1980), a private cause of action is implied for violations of West Virginia Code § 49–6A–2. Defendants filed objections and requested review by the district court judge. By order entered April 8, 2003, the district court certified the question to this Court. We agreed to accept the certified question on May 21, 2003.

## II. Standard of Review

◼ As set forth in syllabus point one of *Light v. Allstate Insurance Company*, 203 W.Va. 27, 506 S.E.2d 64 (1998), "[a] de novo standard is applied by this Court in addressing the legal issues presented by a certified question from a federal district or appellate court." *Accord* Syl. Pt. 1, *Bower v. Westinghouse Elec. Corp.*, 206 W.Va. 133, 522 S.E.2d 424 (1999) ("This Court undertakes plenary review of legal issues presented by certified question from a federal district or appellate court."). Likewise, the certified question before us requires an examination of two statutory provisions, and in such cases "[w]here the issue ... is clearly a question of law or involving an interpretation of a statute, we apply a *de novo* standard of review." Syl. Pt. 1, in part, *Chrystal R.M. v. Charlie A.L.*, 194 W.Va. 138, 459 S.E.2d 415 (1995).

## III. Discussion

The question of law, as certified by the United States District Court for the Northern District of West Virginia, reads as follows:

Whether W.Va.Code § 49–6A–2 creates a private civil cause of action, in addition to the criminal penalties imposed by the statute, for failure to report suspected sexual abuse where an individual is alleged to have had reasonable cause to suspect that a child is being sexually abused and has failed to report suspected abuse.

As related earlier, the federal magistrate to whom this question was referred answered the question in the affirmative based on the

provisions of West Virginia Code §§ 49–6A–2 and 55–7–9 and application of this Court's decision in *Hurley*.

The case before the federal court involves a situation where a teacher sexually abused several of his male students over a period of time.[2] Mr. Arbaugh maintains that he was sexually molested by the abuser for a span of four years and is entitled to recover compensatory and punitive damages for the suffering caused by the defendants' failure to act and report. The defendants to this action allegedly had some level of knowledge of incidents of abuse of students by the teacher but never reported their suspicions of child abuse to the authorities as required by the reporting statute. None of the defendants were criminally charged for failure to report. W.Va.Code § 49–6A–8 (1984). While the facts are hotly contested and not completely developed before the federal court, it is clear from the representations made to this Court that Mr. Arbaugh believes civil liability should attach whenever the requirements of the reporting statute are violated regardless of whether the non-reporting teacher had knowledge of any offensive act being committed against the individual student bringing suit.

◼ In deciding whether West Virginia Code § 49–6A–2, relating to mandatory reporting of suspected child abuse and neglect, gives rise to an initial direct cause of action against a person who has failed to report by any child who is subsequently abused by the person who should have been reported, we first recognize that West Virginia Code § 55–7–9 (1923) (Repl. Vol. 2000) generally permits the recovery of damages stemming from a violation of a statute. This statute provides in its entirety that:

Any person injured by the violation of any statute may recover from the offender such damages as he may sustain by reason of the violation, although a penalty or forfeiture for such violation be thereby imposed, unless the same be expressly mentioned to be in lieu of such damages.

**2.** The former teacher pled guilty to twenty counts of sexual assault in the third degree and four counts of delivery of a controlled substance and

is now incarcerated at the Mount Olive Correctional Facility.

*Id.* "Building on this statutory provision, we have consistently held that a violation of a statute is prima facie evidence of negligence, providing that such violation is the proximate cause of injury. *See, e.g., Powell v. Mitchell,* 120 W.Va. 9, 196 S.E. 153 (1938); *Porterfield v. Sudduth,* 117 W.Va. 231, 185 S.E. 209 (1936)." *Yourtee v. Hubbard,* 196 W.Va. 683, 687, 474 S.E.2d 613, 617 (1996) (footnote omitted). *See also* Syl. Pt. 1, *Anderson v. Moulder,* 183 W.Va. 77, 394 S.E.2d 61 (1990) ("Violation of a statute is *prima facie* evidence of negligence. In order to be actionable, such violation must be the proximate cause of the plaintiff's injury."). Consequently, a violation of a statute could give rise to a common law negligence action. We went on to say in *Yourtee* that "[w]henever a violation of a statute is the centerpiece of a theory of liability, the question arises whether the statute creates an implied private cause of action." 196 W.Va. at 688, 474 S.E.2d at 618. Whether a private cause of action exists based on a violation of a statute is determined by applying the four-part test set forth in *Hurley v. Allied Chemical Corporation,* 164 W.Va. 268, 262 S.E.2d 757 (1980). Syllabus point one of *Hurley* states:

The following is the appropriate test to determine when a State statute gives rise by implication to a private cause of action: (1) the plaintiff must be a member of the class for whose benefit the statute was enacted; (2) consideration must be given to legislative intent, express or implied, to determine whether a private cause of action was intended; (3) an analysis must be made of whether a private cause of action is consistent with the underlying purposes of the legislative scheme; and (4) such private cause of action must not intrude into an area delegated exclusively to the federal government.

*Id.* at 268, 262 S.E.2d at 758.

 Applying the *Hurley* test to the case before us, we first must ascertain whether Mr. Arbaugh is within the class of persons that the statute was meant to benefit. The Legislature expressed the following purpose for enacting the child abuse report-

ing article of the Code, wherein the obligation to report is established:

It is the purpose of this article, through the complete reporting of child abuse and neglect, to protect the best interests of the child, to offer protective services in order to prevent any further harm to the child or any other children living in the home, to stabilize the home environment, to preserve family life whenever possible and to encourage cooperation among the states in dealing with the problems of child abuse and neglect.

W.Va.Code § 49–6A–1 (1977). Assuming the facts presented as true, Mr. Arbaugh is unquestionably a member of the class for whose benefit the reporting statute was enacted, inasmuch as he was a child attending a school where alleged incidents of sexual abuse were occurring. We can also readily dispose of the fourth element of the *Hurley* test, since we find that a private cause of action would not intrude into an area delegated exclusively to the federal government.

The application of the second and third components of the *Hurley* test require a more detailed examination of the relevant statutes to determine whether the Legislature, by enacting the reporting statute, intended to protect a private interest through a private cause of action. According to the second *Hurley* factor, we must decide whether there is any implication that the Legislature intended to create a private cause of action by enacting West Virginia Code § 49–6A–2, despite the fact that the statute does not expressly provide for a private cause of action or otherwise reference civil liability.[3] West Virginia Code § 49–6A–2 reads as follows:

When any medical, dental or mental health professional, christian science practitioner, religious healer, school teacher or other school personnel, social service worker, child care or foster care worker, emergency medical services personnel, peace officer or law-enforcement official, member of the clergy, circuit court judge, family law master, employee of the division of juvenile services or magistrate has reason-

---

**3.** Child abuse reporting statutes in some states expressly create a private cause of action. These states include Arkansas, Colorado, Iowa, Michigan, Montana, New York and Rhode Island.

able cause to suspect that a child is neglected or abused or observes the child being subjected to conditions that are likely to result in abuse or neglect, such person shall immediately, and not more than forty-eight hours after suspecting this abuse, report the circumstances or cause a report to be made to the state department of human services: Provided, That in any case where the reporter believes that the child suffered serious physical abuse or sexual abuse or sexual assault, the reporter shall also immediately report, or cause a report to be made, to the division of public safety and any law-enforcement agency having jurisdiction to investigate the complaint: Provided, however, That any person required to report under this article who is a member of the staff of a public or private institution, school, facility or agency shall immediately notify the person in charge of such institution, school, facility or agency, or a designated agent thereof, who shall report or cause a report to be made. However, nothing in this article is intended to prevent individuals from reporting on their own behalf.

In addition to those persons and officials specifically required to report situations involving suspected abuse or neglect of children, any other person may make a report if such person has reasonable cause to suspect that a child has been abused or neglected in a home or institution or observes the child being subjected to conditions or circumstances that would reasonably result in abuse or neglect.

The Legislature has expressly provided that failure to report as required is a criminal misdemeanor offense. *See* W.Va. West Virginia Code § 49–6A–8 (1984).[4]

■ The importance of reporting is definitely stressed in the statute by not only the provisions which establish that reporting is mandatory for individuals in certain professions and occupations, but also in the provisions which prescribe a limited time frame within which the mandated reports are to be made and impose criminal liability for failing to report. These measures clearly encourage early intervention to further the clear overall legislative goal of protecting vulnerable children from abusive situations. The statutory reporting requirement itself is triggered when the persons designated in the statute have "reasonable cause to suspect" or "observe[ ] *the child* being subjected to conditions that are likely to result in abuse or neglect." W.Va.Code § 49–6A–2 (emphasis added). The plain meaning of the statute [5] is that the mandatory duty to report extends only to the child who is the object of suspected abuse. Nonetheless, we hesitate to extend a private cause of action by implication to any child injured by a non-reported abuser against the person responsible for reporting since substantial questions of causation are raised and the failure to report "would not in the direct sense be a proximate cause of the injury to the child." *Borne by Borne v. Northwest Allen County School Corp.,* 532 N.E.2d 1196, 1203 (Ind.App.1989). The problems with causation are further complicated when one considers that the statute conditions the reporting requirement on the exercise of judgment of an individual reporter who may become aware of a possible case of child abuse only through rumors, innuendo or second-hand reports. The diverse backgrounds, professions and occupations represented in the statutorily defined class of persons required to report make it all the more difficult to define what conduct is required in various conceivable situations. Under such nebulous circumstances, we are unwilling to recognize a new and broad field of tort liability without express legislative designation of a

4. West Virginia Code § 49–6A–8 states:

Any person, official or institution required by this article to report a case involving a child known or suspected to be abused or neglected, or required by section five [§ 49–6A–5] of this article to forward a copy of a report of serious injury, who knowingly fails to do so or knowingly prevents another person acting reasonably from doing so, shall be guilty of a misdemeanor, and, upon conviction thereof, shall be confined in the county jail not more than ten days or fined not more than one hundred dollars, or both.

5. We note that when the meaning of a statute is clear, it is the duty of the courts to respect legislative intent by applying the statute as written. *See* Syl. pt. 5, *State v. General Daniel Morgan Post No. 548, V.F.W.,* 144 W.Va. 137, 107 S.E.2d 353 (1959).

private cause of action. *Accord Marquay v. Eno,* 139 N.H. 708, 662 A.2d 272, 278 (1995) ("Where, as here, civil liability for a statutory violation would represent an abrupt and sweeping departure from the general common law rule of nonliability, we would expect that if the legislature . . . intended to impose civil liability it would expressly so provide."); *Freehauf v. School Board of Seminole County,* 623 So.2d 761 (Fla.App., 5th Dist.1993). Application of the final factor in *Hurley* lends further support for finding that a private cause of action is not implicated.

Pursuant to the third *Hurley* criterion, we must determine whether a private cause of action is consistent with the underlying purpose not just of the reporting statute but the entire legislative scheme of which the reporting statute is a part. The reporting statute is one of ten sections in article six-A, chapter forty-nine of the West Virginia Code, entitled "Reports of Children Suspected to be Abused or Neglected." A review of all of the provisions of the article reveals that the primary objective of the enactment is to protect children who are subjected to abuse and neglect by establishing county-based child protective services offices whose purposes are to quickly investigate incidents of suspected abuse reported by those required to report under the article and to take all necessary measures to protect such children from further abuse and neglect, including providing individualized services to affected children and their families. In addition to the reporting and criminal liability provisions we have thus far discussed, the article also contains provisions regarding civil and criminal immunity for those who make a report and abrogation of the rule of privileged communications in certain instances. When the provisions of the article are considered as a whole, we do not see that a private cause of action would meaningfully further the purposes of the article so as to find that such was intended by the Legislature.

■ Accordingly we conclude that West Virginia Code § 49–6A–2 does not give rise

to an implied private civil cause of action, in addition to criminal penalties imposed by the statute, for failure to report suspected child abuse where an individual with a duty to report under the statute is alleged to have had reasonable cause to suspect that a child is being abused and has failed to report suspected abuse. The same conclusion has been reached by a decided majority of states which have applied factors comparable to those in *Hurley* when considering whether a private cause of action was implied through mandatory reporting statutes similar to ours. *See Freehauf v. School Board of Seminole County,* 623 So.2d 761 (Fla.App., 5th Dist. 1993); *Cechman v. Travis,* 202 Ga.App. 255, 414 S.E.2d 282 (1991); *Borne by Borne v. Northwest Allen County School Corp.,* 532 N.E.2d 1196 (Ind.App.1989); *Kansas State Bank & Trust Co., v. Specialized Transp. Services, Inc.,* 249 Kan. 348, 819 P.2d 587 (1991); *Bradley v. Ray,* 904 S.W.2d 302, (Mo. App.1995); *Marquay v. Eno,* 139 N.H. 708, 662 A.2d 272 (1995); *see also Isely v. Capuchin Province,* 880 F.Supp. 1138 (D.Mich. 1995) (applying Wisconsin's reporting statute); Danny R. Veilleux, *Validity, Construction, and Application of State Statute Requiring Doctor or Other Person to Report Child Abuse,* 73 A.L.R.4th 782, 819 (1989).[6]

■ In so holding, we have not ignored Mr. Arbaugh's plea to carve out a private cause of action for more egregious situations, such as where an eye-witness has failed to report. Despite the underlying merit to this request, we are bound to refrain from making such policy determinations since " '[i]t is not the province of the courts to make or supervise legislation, and a statute may not, under the guise of interpretation, be modified, revised, amended, distorted, remodeled, or rewritten[.]' " *State v. Richards,* 206 W.Va. 573, 577, 526 S.E.2d 539, 543 (1999), quoting *State v. General Daniel Morgan Post No. 548, V.F.W.,* 144 W.Va. 137, 145, 107 S.E.2d 353, 358 (1959) (citation omitted). We note that children harmed by such egregious circumstances are not without remedy, where

---

6. In the only case we have found decided by a state court which allowed a suit on this basis, the cause of action was limited to situations where proof could establish that the person who did not report did so intentionally. *Landeros v. Flood,* 17 Cal.3d 399, 131 Cal.Rptr. 69, 551 P.2d 389 (1976).

in an otherwise proper case a cause of action may be brought based on negligence with the failure to report admissible as evidence in that context.

For the reasons herein stated, we answer the certified question in the negative.

Certified question answered.