608 S.E.2d 272 (2004)
270 Ga. App. 882
FULTON-DeKALB HOSPITAL AUTHORITY
v.
RELIANCE TRUST COMPANY et al.
No. A04A0912.
Court of Appeals of Georgia.
November 24, 2004.
Reconsideration Denied December 9, 2004.
Bernard Taylor, Joshua Belinfante, Alston & Bird LLP, Atlanta, for Appellant.
Don Keenan, Allan Galbraith, The Keenan Law Firm, Atlanta, for Appellee.
RUFFIN, Presiding Judge.
This case arises out of the Fulton-DeKalb Hospital Authority's care and treatment of Terrell Peterson, a minor. Reliance Trust Company, the administrator of Terrell Peterson's estate, and Audry Mitchell, Terrell's mother (collectively, "Reliance"), sued Fulton-DeKalb Hospital Authority d/b/a Grady Memorial Hospital (the "Hospital"), alleging that the Hospital committed medical negligence and breached an implied contract by failing to timely identify, treat, report and follow up on the child abuse and/or neglect of Terrell. The trial court denied the Hospital's motion for summary judgment. We granted the Hospital's application for interlocutory appeal, and for reasons that follow, we reverse.
Summary judgment is appropriate when no genuine issues of material fact remain and the movant is entitled to judgment as a matter of law.[1] On appeal, we review the grant of summary judgment de novo, construing the evidence and all inferences in a light most favorable to the nonmoving party.[2] *273 Viewed in this manner, the record shows that in November 1996, Terrell was treated for multiple bruises, scars and abrasions at the Hospital's emergency room. The treating doctor diagnosed Terrell with battered child syndrome and, pursuant to OCGA § 19-7-5, reported the case to the Department of Family and Children Services (DFACS). OCGA § 19-7-5 requires physicians who have a "reasonable cause to believe that a child has been abused" to report such abuse to the appropriate child welfare agency. It also imposes this duty on an extensive list of other persons, including hospital and medical personnel, who, in the practice of their professions, are likely to discover evidence of child abuse.[3]
Following the report to DFACS, a court hearing was held to determine whether Terrell should remain in the custody of his grandmother, Pharina Peterson,[4] the alleged abuser. DFACS apparently failed to appear, and the case was dismissed.
On December 28, 1996, Terrell was again brought to the emergency room, this time for burns to his feet, which Peterson claimed resulted from his stepping on a heated grate. Terrell was discharged to the custody of his grandmother following treatment for the burns. No child abuse report was made. Reliance does not allege that the treatment of the burns was improper or in any way negligent.
Over a year later, in January 1998, Terrell was brought to the emergency room in "full arrest" with multiple bruises, open puncture wounds and a large hematoma. Resuscitation was unsuccessful. He was pronounced dead on arrival as a result of suspected homicide/child abuse.
To support its claims, Reliance attached to its complaint the affidavit of a physician who testified that in his opinion the Hospital had breached the generally accepted standard of care and skill ordinarily exercised by members of the medical profession by failing to timely identify, treat, report, and follow up on Terrell's child abuse and/or neglect. The Hospital, relying on our opinions in Cechman v. Travis[5] and Vance v. T.R.C.,[6] moved for summary judgment, arguing that there is no civil liability for failing to diagnose, treat or report child abuse.
The trial court agreed that the Hospital had no common law duty to report child abuse or to discover the cause of such abuse. Nevertheless, it denied the Hospital's motion, finding that there was an issue of fact as to whether the Hospital breached the standard of medical care by not ensuring that a child previously diagnosed with battered child syndrome is discharged to a safe environment. In doing so, the trial court distinguished this case from Cechman and Vance, stating that those cases, unlike the present case, did not involve a prior diagnosis of battered child syndrome. The court also found that there was an issue of fact as to whether Terrell's death was a foreseeable consequence if there was a breach of the applicable standard of care.
To establish liability on its common law malpractice claim, Reliance must establish that the Hospital breached a legal duty to Terrell, and that such breach proximately caused an injury to Terrell.[7] Reliance argues
[t]o the extent that Cechman and Vance hold across the board that a healthcare provider has no standard of care obligations to a child who has been or should be diagnosed in the exercise of reasonable medical judgment as being abused, other than treatment of the immediate physical injury, those decisions are simply wrong and this Court should take this opportunity *274 to decisively overrule that portion of those opinions.
We decline to do so.
In Cechman, a child's mother sought treatment for red marks on the child's chest. She told the doctor that the child had not been subjected to any trauma and asked whether the marks could be bite marks from her other children. The treating doctor merely prescribed a pain reliever. One month later, the abusive father killed the child.
The administrator of the estate and the mother brought various tort claims against the hospital authority, the treating doctor, and a medical group.[8] The plaintiffs claimed that the defendants owed not only a common law legal duty to afford nonnegligent treatment of the child's immediate medical condition, but also owed a common law legal duty to discover and report the nonmedical source of the condition so as to prevent subsequent re-injury by her abusive father.[9] The trial court granted summary judgment as to the doctor, but denied summary judgment as to the medical group and the hospital authority.[10] We affirmed the grant of summary judgment to the doctor, but reversed the denial as to the medical group and the hospital authority.[11] In so doing, we found that although OCGA § 19-7-5 imposes upon physicians, who have reasonable cause to believe a child has been abused, a duty to report such abuse,[12] it does not create a private cause of action in favor of the alleged child abuse victim.[13]
Several years later, in Vance, we held again that even if a doctor violated OCGA § 19-7-5, there was no civil cause of action in favor of the abused child.[14] In Vance, a treating doctor failed to report a 13-year-old's genital herpes as possible abuse by her foster father. Eight months later, the child became pregnant by the foster father. In reversing the denial of summary judgment for the doctor and his professional organization as to plaintiffs' claim that defendants had a common law duty to report and prevent sexual abuse, we noted that while OCGA § 19-7-5 should be liberally construed to effectuate the statute's child protection purposes, we again found that the doctor's failure to comply with the statute did not result in any civil liability.
As a result of the tragic circumstances of Terrell's death, the legislature has since enacted OCGA § 15-11-15, known as the Terrell Peterson Act, which authorizes a physician to retain temporary protective custody of a child if the physician suspects abuse or neglect.[15] The parties concede, however, that this statute does not retroactively apply in this case, and without this authority the Hospital could not have legally retained Terrell following treatment of his injury, despite any prior diagnosis of battered child syndrome. Here, there is no allegation that Terrell died as a result of the treatment he received for the burns on his feet, or that the treatment of the burns was negligent. Pretermitting whether the failure to report the burns as possible child abuse constituted a violation of OCGA § 19-7-5, the undisputed evidence shows that the tragic death of Terrell was not the proximate result of the breach of any legal duty owed by the Hospital.[16] Accordingly, the trial court erred in denying summary judgment to the Hospital.
Judgment reversed.
ELDRIDGE and ADAMS, JJ., concur.
ADAMS, Judge, concurring specially.
I am constrained by existing law to concur with the majority in this case. This is an *275 especially difficult case given the fact that Terrell had previously been diagnosed by the Hospital with battered child syndrome, a factor not present in the cases previously considered by this Court. Nevertheless, under the circumstances and the law existing at the time, the only options available to the treating physician were to address the child's immediate injuries and to report the matter to DFACS as suspected child abuse in accordance with OCGA § 19-7-5. Prior to the passage of OCGA § 15-11-15, the physician had no authority to retain temporary protective custody of the child.
There is no contention that the immediate medical care provided was inadequate or negligent. Rather, the issue centers around the hospital's failure to report the child abuse. As the majority points out, the duty to report the abuse arises not from the common law, but instead is a statutorily-imposed duty under OCGA § 19-7-5. See Cechman v. Travis, 202 Ga.App. 255, 257-258(2), 414 S.E.2d 282 (1991). This Court has previously found that no civil cause of action exists for a violation of that duty. Id. That finding is in accord with the majority of states to have considered the issue. See Doe v. Marion, 361 S.C. 463(II), 605 S.E.2d 556 (2004); Arbaugh v. Bd. of Ed., 214 W.Va. 677, 683, 591 S.E.2d 235 (2003); Danny R. Veilleux, Validity, Construction, and Application of State Statute Requiring Doctor or Other Persons to Report Child Abuse, 73 A.L.R.4th 782, 819 (1989) (for a survey of these cases). Compare Landeros v. Flood, 17 Cal.3d 399, 131 Cal.Rptr. 69, 551 P.2d 389 (1976) (allowing cause of action under then-existing statute against physician who, after forming the opinion that the injuries to the child were intentionally inflicted, failed to report abuse); Williams v. Coleman, 194 Mich.App. 606, 488 N.W.2d 464 (1992) (Child Protection Law provided both criminal penalty and civil cause of action for failure to make statutorily required report).
While the failure to report the second incident involving Terrell was regrettable in the extreme, I must agree with the majority that no basis for civil recovery exists under the current law for that omission. Any imposition of civil liability under circumstances such as those present here must be authorized by the General Assembly.
NOTES
[1] See Villareal v. TGM Eagle's Pointe, 249 Ga.App. 147, 547 S.E.2d 351 (2001).
[2] Id.
[3] Vance v. T.R.C., 229 Ga.App. 608, 611(1)(a), 494 S.E.2d 714 (1997).
[4] Terrell's mother lost custody of Terrell because of her drug abuse problems. According to Mitchell, Peterson was not the biological grandmother of Terrell, but she was the grandmother of several of Mitchell's children, who, along with Terrell, were living with Peterson at the time of the alleged abuse of Terrell.
[5] 202 Ga.App. 255, 414 S.E.2d 282 (1991).
[6] See Vance, supra.
[7] See Cechman, supra at 257, 414 S.E.2d 282.
[8] Id. at 255, 414 S.E.2d 282.
[9] Id.
[10] Id.
[11] See Cechman, supra at 259-60, 414 S.E.2d 282.
[12] A knowing and wilful failure to comply with the statute constitutes a misdemeanor. See OCGA § 19-7-5(h).
[13] See Cechman, supra at 258, 414 S.E.2d 282.
[14] See Vance, supra at 610-611(1)(a), 494 S.E.2d 714.
[15] See OCGA § 15-11-15(a)(1).
[16] Vance, supra at 611, 494 S.E.2d 714.