No. 21-0217, *Dakota Jones and Matilda Workman v. Logan County BOE.*

**FILED**

**November 17, 2022**

released at 3:00 p.m.
EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**Armstead, Justice, dissenting:**

Although I believe that Petitioners in this action have alleged serious incidents of bullying, I nonetheless believe that the circuit court was correct in its determination that the Complaint did not properly allege negligence on the part of Respondent sufficient to overcome Respondent's assertion of governmental immunity. Mr. Jones's Complaint contained five (5) claims against the Logan County Board of Education (hereinafter "Board"). The circuit court granted the Board's motion to dismiss as to all of Petitioners' claims. Petitioners do not assign error to the dismissal of four of their five claims and have narrowed the focus of their appeal to their claim of negligence contained in Count II of their Complaint. Because I disagree with the majority's findings reversing the circuit court's dismissal of Petitioners' negligence claim, I respectfully dissent.

Initially, I believe that the majority's finding that "[t]he Board did not assert immunity from the [negligence] claim under § 29-12A-5(a) before the circuit court" is incorrect. On November 13, 2019, the Board filed a motion to dismiss Mr. Jones's Complaint pursuant to Rule 12(b)(6) of the West Virginia Rules of Civil Procedure. In its memorandum of law in support of its motion to dismiss, the Board clearly asserted immunity. The final sentence of the Board's "Standard of Review" section reads as follows: "[h]ere, taking Plaintiff's factual allegations as true, the Board is entitled to

1

immunity for the following reasons." The first paragraph of the Board's "Legal Argument" section contains the following statements: "The Logan County Board of Education is a political subdivision as defined in the West Virginia Tort Claims and Insurance Reform Act (Tort Claims Act). Statutory immunity of a political subdivision is 'governed exclusively by the West Virginia Tort Claims and Insurance Reform Act.'" "Accordingly, the Logan County Board of Education is entitled to immunity under the Act[.]"

Although Mr. Jones was "not required to anticipate the defense of immunity in his complaint[,]" he clearly did so. *Hutchison v. City of Huntington*, 198 W. Va. 139, 150, 479 S.E.2d 649, 660 (citing *Gomez v. Toledo*, 446 U.S. 635, 640, 100 S.Ct. 1920, 1923-24, 64 L.Ed.2d 572 (1980)). In his Complaint, Mr. Jones alleges the following: "[t]o the extent that any claims asserted herein are subject to governmental immunity, said claims are being asserted only to the extent of available insurance coverage." *See* Complaint ¶ 30. Therefore, Mr. Jones was aware that some or all of his claims may be subject to governmental immunity. Subsequently, the Board clearly asserted immunity. On January 28, 2021, while the Board's motion to dismiss was pending, the circuit court held a status hearing. During the status hearing, the circuit court inquired whether Mr. Jones would like the opportunity to file any additional pleadings in this matter "as allowed under *Hutchison*[.]"[1] Crucial to the resolution of this appeal, Mr. Jones opted to forego

---

[1] *See Hutchison v. City of Huntington*, 198 W. Va. 139, 150, 479 S.E.2d 649, 660 (1996). In *Hutchinson*, this Court indicated that when a defendant raises the defense of qualified or statutory immunity, the trial court "must insist on heightened pleading by the plaintiff." *Id.* at 149, 479 S.E.2d at 149. In such cases, the circuit court should direct that a plaintiff file a "short and plain statement of his complaint" and "may, on its own discretion, insist

2

filing any additional pleadings and to "rely on the pleadings as filed." I believe that this failure to take advantage of the circuit court's offer to permit additional pleadings is dispositive given the failure of petitioner's allegations to support his claim for negligence.

The Board is a political subdivision that asserted immunity in its motion to dismiss. "The immunity of political subdivisions and their employees … is governed exclusively by the West Virginia Tort Claims and Insurance Reform Act set forth in West Virginia Code § 29-12A-1 *et seq.* (commonly referred to as the Tort Claims Act)." *Bowden v. Monroe County Commission*, 232 W. Va. 47, 51, 750 S.E.2d 263, 267 (2013). As the circuit court and the majority note, the Tort Claims Act allows only certain negligence claims against a political subdivision. Specifically, under W.Va. Code § 29-12A-4(b) of the Tort Claims Act,

> Except as provided in subsection (c) of this section, a political subdivision **is not liable in damages in a civil action for injury**, death, or loss to persons or property allegedly caused by any act or omission of the political subdivision or an employee of the political subdivision in connection with a governmental or proprietary function[.]

W. Va. Code § 29-12A-4(b)(1)(emphasis added).

Therefore, we must look to subsection (c) to see if there is an applicable exception. The circuit court concluded that the only applicable exceptions that arguably could apply to the instant case are subsections (c)(2) and (c)(4), which provide:

that the plaintiff file a reply tailored to an answer pleading the defense of statutory or qualified immunity." *Id.* at 150, 479 S.E.2d at 660.

(2) Political subdivisions are liable for injury, death, or loss to persons or property caused by the negligent performance of acts by their employees while acting within the scope of employment.

….

(4) Political subdivisions are liable for injury, death, or loss to persons or property that is caused by the negligence of their employees and that occurs within or on the grounds of buildings that are used by such political subdivisions, including, but not limited to, office buildings and courthouses, but not including jails, places of juvenile detention, workhouses, or any other detention facility.

W. Va. Code § 29-12A-4(c)(2) and (c)(4).

In order to permit Mr. Jones to address the Respondent's assertion of governmental immunity, the circuit court gave Mr. Jones an opportunity to file additional pleadings, but he declined to do so and relied upon the pleadings he had already filed. As the majority notes, there is an onus placed on a plaintiff to respond to a political subdivision's assertion of immunity. *Hutchison* at 147-148, 479 S.E.2d at 657-658 ("[p]ublic officials and local government units should be entitled to … statutory immunity under W. Va. Code, 29-12A-5(a), unless it is shown by specific allegations that the immunity does not apply.") Despite the majority's implication to the contrary, I believe that the heightened pleading process clearly applies in this case and that Mr. Jones's failure to avail himself of the process outlined in *Hutchison* and made available to him by the circuit court must result in the dismissal of his negligence claim. His cursory allegations[2] simply cannot overcome Respondent's entitlement to immunity.

---

[2] In the Negligence count of his Complaint, Mr. Jones merely alleged the following:

I do not believe that Mr. Jones's allegations in his Complaint adequately set forth allegations that a Board employee was negligent, and I believe the majority's conclusion in this regard is wrong for a number of reasons. First, Mr. Jones alleges unnamed students bullied him while he attended Logan Middle School. At no point does Mr. Jones identify the alleged bully, or even make clear whether one or more students were involved. Specifically, he alleges one instance of bullying in 2012 when students wrote on his body in permanent ink. Mr. Jones alleges one instance of bullying in 2013 when a fellow student cut his hand and one instance of bullying in 2014 when unnamed students sprinkled lead into his clothing. In 2015, Mr. Jones alleges that he was choked by an unnamed student and punched by an unnamed student a few days later. In addition, Mr. Jones alleges that he was stabbed with a pencil. While clearly such conduct should not be condoned, I do not believe these allegations of isolated incidents are sufficient to allege a

40. Defendant Board owed a duty of care to Dakota Jones to conduct their activities in a reasonable and prudent manner.
41. Defendant Board negligently and recklessly breached the duty of care they owed to Dakota Jones.
42. The actions and inactions, as described above, proximately caused physical and emotional harm to Dakota Jones.
43. Defendant Board's negligent and reckless misconduct was the sole proximate cause of the harm experienced by Dakota Jones.
44. As a direct and proximate result of Defendant Board's intentional and reckless misconduct, Dakota Jones is entitled to compensatory damages.

Complaint at ¶¶ 40-44.

foreseeable duty on the part of the Respondent without additional facts, which Mr. Jones declined to provide.

The majority finds that the principal, Mr. Sutherland, "owed Mr. Jones a duty of protection and/or supervision following the September 21, 2015 choking episode because it was or should have been foreseeable to him that his affirmative inaction would expose Mr. Jones to the high risk of harm posed by the intentional misconduct of school bullies." I disagree that the factual allegations in Mr. Jones's Complaint, if accepted as true, are sufficient to establish a duty on the part of Respondent as to his negligence claim.

The circuit correctly identified the elements that Mr. Jones must establish to state a claim for negligence: "(1) The defendant owed the plaintiff a duty of care; (2) the defendant breached said duty by failing to exercise ordinary care; (3) the defendant's breach caused the plaintiff to be injured; and (4) the plaintiff suffered damages as a result of defendant's breach." *See* Order Granting Defendant's Motion to Dismiss at ¶18 (citing *Webb v. Brown & Williamson Tobacco Co.*, 121 W. Va. 115, 2 S.E.2d 898 (1939)).

The majority finds that the employees, Principal Sutherland, and the school nurse, knew that Mr. Jones had been bullied at least twice and injured once. According to Mr. Jones's Complaint, the employees knew the following:

(1) Principal Sutherland knew that fellow students wrote on Mr. Jones's body with permanent markers in 2012;

(2) The school nurse knew that Mr. Jones's hand was cut by a fellow student in 2013 when a fellow student grabbed a notebook from Mr. Jones's hand;

6

(3) Principal Sutherland knew about the choking incident on September 21, 2015;

(4) Principal Sutherland knew about the punching incident on September 23, 2015; and

(5) The school nurse knew that Mr. Jones was stabbed with a pencil on an unknown date.

With respect to the incident on September 23, 2015, the record reveals that after becoming overcome with frustration, Mr. Jones shoved a student who was throwing pencils at him. These allegations, although serious, simply do not establish that Principal Sutherland owed Mr. Jones a duty of protection and/or supervision such that "it was or should have been foreseeable to him that his affirmative inaction would expose Mr. Jones to the high risk of harm posed by the intentional misconduct of school bullies." I disagree with the majority's conclusion that the isolated instances cited by Mr. Jones require reversal of the circuit court's dismissal of the negligence claim because, as the majority found, it was foreseeable, or should have been foreseeable, to Board employees that students at Logan Middle School would bully him and cause injury. The circuit court concluded that Mr. Jones "pled no facts" indicating that the prior instances of bullying made the risk of future harm foreseeable, and I agree with this conclusion.

Further, because I believe that Mr. Jones has not pled facts that establish the foreseeability of his injuries, I also believe that he has not sufficiently alleged facts to support that Respondent's actions or inaction were the proximate cause of his alleged

injuries. "Proximate cause is a vital and an essential element of actionable negligence and must be proved to warrant a recovery in an action based on negligence." Syl. Pt. 4, *Sergent v. City of Charleston*, 209 W. Va. 437, 549 S.E.2d 311 (2001) (quoting Syl. Pt. 3, *McCoy v. Cohen*, 149 W. Va. 197, 140 S.E.2d 427 (1965)). "The proximate cause of an injury is the last negligent act contributing to the injury and without which the injury would not have occurred." *Id.* at Syl. Pt. 5. "Generally, a willful, malicious, or criminal act breaks the chain of causation." *Yourtee v. Hubbard*, 196 W. Va. 683, 690, 474 S.E.2d 613, 620 (1996) (citation omitted). Clearly, according to Mr. Jones's barebones allegations, an unnamed student, or multiple students, at the school committed a "willful, malicious or criminal act" against him. In order for the Board to be liable for the intervening act of this unnamed student, the act or acts of that student must have been "reasonably foreseeable" to the Board at the time of the Board's alleged negligent conduct. *See* Syl. Pt. 13, *Marcus v. Staubs*, 230 W. Va. 127, 736 S.E.2d 360 (2012). As the circuit court correctly held, Mr. Jones failed to plead "facts that establish the foreseeability of his injuries." The Board is not liable to Mr. Jones if the unforeseeable intervening acts of the bullies caused Mr. Jones's injuries. *Sergent v. City of Charleston*, 209 W. Va. 437, 549 S.E.2d 311 (2001) (citing Syl. Pt. 13, *Anderson v. Moulder*, 183 W. Va. 77, 394 S.E.2d 61 (1990)).

For these reasons, I believe the circuit court was correct in dismissing Petitioners' negligence claim. Accordingly, I respectfully dissent as to the majority's

decision to reverse the circuit court's order dismissing Count II of Petitioners' Complaint.[3]

I am authorized to state that Justice Bunn joins me in this dissent.

---

[3] While I dissent as to the majority's decision to reverse the circuit court's dismissal of the negligence claim, I agree with the majority's decision to decline to read into our prior cases an absolute duty to prevent all instances of bullying on school grounds on the part of boards of education and their employees.