# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**Darrell Eugene S.,**
**Petitioner Below, Petitioner**

**FILED**

**January 24, 2014**
**RORY L. PERRY II, CLERK**
**SUPREME COURT OF APPEALS**
**OF WEST VIRGINIA**

**vs)   No. 13-0564** (Kanawha County 12-MISC-447)

**David Ballard, Warden, Mt. Olive Correctional Complex,**
**Respondent Below, Respondent**

## MEMORANDUM DECISION

Petitioner Darrell Eugene S.,[1] appearing *pro se*, appeals the order of the Circuit Court of Kanawha County, entered May 7, 2013, dismissing his petition for a writ of habeas corpus without a hearing. Respondent David Ballard, Warden, Mt. Olive Correctional Complex, by counsel Laura Young, filed a summary response. Petitioner filed a reply.

The Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In 2007, petitioner was charged with six counts of sexual abuse by a custodian pursuant to West Virginia Code § 61-8D-5 and six counts of first degree sexual abuse under West Virginia Code § 61–8B–7(a)(1) with regard to his granddaughters, B.S. and N.S. A third granddaughter, A.S., was also named as a victim; however, the State dismissed the counts of the indictment involving A.S. prior to trial.

In 2008, following trial, a jury convicted petitioner of five counts of sexual abuse by a custodian and two counts of first degree sexual abuse. By an order entered November 13, 2008, the circuit court sentenced petitioner to thirty to sixty years in the state penitentiary on these counts. Petitioner filed a direct appeal in 2009, which was later the subject of *State v. [Darrell Eugene S.]*, 225 W.Va. 706, 696 S.E.2d 8 (2010). This Court in *[Darrell Eugene S.]* found that the circuit court did not err in denying petitioner a pretrial "taint hearing" regarding the reliability of his granddaughters' testimony and that the circuit court did not abuse its

---

[1] Because of sensitive facts, we protect the identities of those involved. *See State ex rel. West Virginia Dept. of Human Services v. Cheryl M.*, 177 W.Va. 688, 689 n.1, 356 S.E.2d 181, 182 n.1 (1987).

1

discretion in not granting a mistrial after B.S. testified to incidents which were the subject of the dismissed counts of the indictment involving A.S.

Petitioner filed his first petition for a writ of habeas corpus in the circuit court on December 27, 2010, alleging that (1) the circuit court was biased against petitioner and disrespectful to him; (2) petitioner's counsel was ineffective and unprepared for trial; and (3) the witnesses were coached by the State. The circuit court denied the petition without a hearing on March 16, 2011, because "petitioner has failed to establish a basis for the relief requested." As to the ineffective assistance of counsel claim, the circuit court dismissed it without prejudice, finding that petitioner did not give detailed factual support as required by Rule 4(c) of the West Virginia Rules Governing Post Conviction Habeas Corpus Proceedings. The circuit court further found that petitioner failed to assert claims that may be addressed through a habeas corpus proceeding, and thus, no hearing or appointment of counsel was necessary.

Petitioner filed his second habeas petition in the circuit court on September 28, 2011, alleging several grounds for relief. First, petitioner alleged that the circuit court was biased against petitioner and erred in allowing B.S. to bring a teddy bear into the courtroom with her to testify. Second, petitioner contends that his counsel was ineffective and unprepared for trial. Under grounds three through six, petitioner asserted that his granddaughters told various lies either on the stand or to investigators. Finally, petitioner alleged that the circuit court acted improperly in chastising him in front of the jury on numerous occasions. On October 31, 2011, the circuit court also denied this second habeas petition without a hearing, finding that "the questions raised do not appear to justify [the same]." The circuit court once again dismissed the ineffective assistance claim without prejudice, citing Rule 4(c) of the West Virginia Rules Governing Post Conviction Habeas Corpus Proceedings.

Petitioner filed the instant habeas petition—his third petition in the circuit court—on August 23, 2012,[2] alleging (1) the circuit court erred in not allowing impeachment of a key State witness; (2) the circuit court erred in allowing B.S. to testify while holding a teddy bear; (3) the circuit court erred in not renumbering the counts on the verdict form to omit reference to dismissed counts; (4) ineffective assistance of counsel; (5) the circuit court was biased and engaged in improper conduct; (6) the circuit court should have instructed the jury that evidence of petitioner's good character alone could provide reasonable doubt; (7) bench conferences were held off the record; and (8) the *Ex Post Facto* Clause was implicated because, given N.S.'s testimony, the jury could have believed the offenses started when the sentence for sexual abuse by a custodian was only five to fifteen years in prison. The circuit

---

[2] In Supreme Court No. 11-0723, petitioner filed an original jurisdiction petition that alleged (1) the circuit court erred in failing to hold an evidentiary hearing and failing to appoint an attorney to assist with petitioner's first habeas petition; (2) the circuit court was biased against petitioner, told him he could not shake his head in the courtroom, and "jumped on" him for using the restroom; (3) petitioner's counsel was ineffective; and (4) petitioner was prejudiced by the circuit court's decision to allow B.S. to bring a teddy bear into the courtroom. This Court refused the petition on November 8, 2011.

court dismissed this petition on May 7, 2012, finding that "[a]ll of these issues were previously disposed of in [petitioner's first two habeas proceedings]." Petitioner now appeals the circuit court's order dismissing the instant petition.

We review the circuit court's order dismissing a habeas petition under the following standard:

> In reviewing challenges to the findings and conclusions of the circuit court in a habeas corpus action, we apply a three-prong standard of review. We review the final order and the ultimate disposition under an abuse of discretion standard; the underlying factual findings under a clearly erroneous standard; and questions of law are subject to a *de novo* review.

Syl. Pt. 1, *Mathena v. Haines,* 219 W.Va. 417, 633 S.E.2d 771 (2006).

On appeal, petitioner concedes that the instant petition raises issues that also appeared in his first and second petitions, but argues that the third petition also has additional issues that the prior two petitions did not contain: (1) the circuit court erred in not allowing impeachment of a key State witness; (2) the circuit court erred in not renumbering the counts on the verdict form to omit reference to dismissed counts; (3) the circuit court should have instructed the jury that evidence of petitioner's good character alone could provide reasonable doubt; (4) bench conferences were held off the record; and (5) the *Ex Post Facto* Clause was implicated.

This Court finds that the first four of these issues constitute ordinary trial error and are, therefore, not cognizable in habeas corpus. *See* Syl. Pt. 4, *State ex rel. McMannis v. Mohn*, 163 W.Va. 129, 254 S.E.2d 805 (1979), *cert. denied*, 464 U.S. 831 (1983) ("A habeas corpus proceeding is not a substitute for a writ of error in that ordinary trial error not involving constitutional violations will not be reviewed."). Regarding the fifth issue, petitioner argued in his petition that N.S.'s trial testimony could have been read as indicating that the alleged offenses began when N.S. was only five or six years old, which would have been before West Virginia Code § 61-8D-5 was amended to provide for an increased sentence. We disagree. The trial excerpt upon which petitioner relies is insufficient to show that the offenses began before West Virginia Code § 61-8D-5 was amended. Moreover, at trial, N.S. testified that the alleged acts "occurred when she was between twelve and fourteen years old." *[Darrell Eugene S.]*, 225 W.Va. at 708, 696 S.E.2d at 10. Therefore, this Court concludes that petitioner's argument that an issue existed under the Ex Post Facto Clause is without merit.

Furthermore, respondent warden correctly notes that a circuit court always has the authority to dismiss a habeas petition without a hearing and without appointing counsel "if the petition, exhibits, affidavits or other documentary evidence filed therewith show to such court's satisfaction that the petitioner is entitled to no relief." Syl. Pt. 1, *Perdue v. Coiner*, 156 W.Va. 467, 194 S.E.2d 657 (1973). In the case at bar, the circuit court was precluded from dismissing the

3

instant petition solely because of its similarities to the first two petitions,[3] but the court always possessed the ability to dismiss the petition as without merit. After careful consideration, this Court finds petitioner's third petition meritless and concludes that the circuit court did not err in dismissing it.[4]

For the foregoing reasons, we affirm.

Affirmed.

**ISSUED:** January 24, 2014

**CONCURRED IN BY:**

Chief Justice Robin Jean Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II

---

[3] In *Losh v. McKenzie*, 166 W.Va. 762, 277 S.E.2d 606 (1981), this Court set forth prerequisites for the application of the doctrine of *res judicata* to successive habeas petitions.

[4] "In reviewing an appeal of a circuit court's order, we look not to the correctness of the legal ground upon which the circuit court based its order, but rather, to whether the order itself is correct, and we will uphold the judgment if there is another valid legal ground to sustain it." *Yourtee v. Hubbard,* 196 W.Va. 683, 690 n. 9, 474 S.E.2d 613, 620 n. 9 (1996).