# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**Rose Marie Ayers,**
**Plaintiff Below, Petitioner**

**FILED**

June 12, 2015

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**vs) No. 14-0843** (Raleigh County 11-C-787)

**Erie Insurance Company, Barbara Dean,**
**and Michelle Dean-Meadows,**
**Defendants Below, Respondents**

## MEMORANDUM DECISION

Petitioner Rose Marie Ayers, by counsel Michael E. Froble, appeals the orders of the Circuit Court of Raleigh County, entered on July 23 and August 4, 2014, granting summary judgment in favor of respondents, dismissing petitioner's civil action filed after she suffered injuries in an physical altercation with Respondent Barbara Dean's adult daughter, Respondent Michelle Dean-Meadows ("Meadows").[1] Respondent Erie Insurance Company ("Erie"), by counsel Jennifer Keadle Mason, and Respondent Barbara Dean ("Dean"), by counsel Kevin J. Robinson, filed responses. Petitioner filed a reply to each response.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's July 23, 2014, order granting summary judgment in favor of Dean, and its August 4, 2014, order granting summary judgment in favor of Erie, is appropriate under Rule 21 of the Rules of Appellate Procedure.

### Facts

This appeal arises from the circuit court's orders granting summary judgment in favor of Erie and its insured, Dean, dismissing petitioner's negligence action against Dean and finding no insurance coverage for petitioner's claims. At the time of the events at issue, petitioner was Dean's neighbor and was injured when she was attacked by Dean's adult daughter, Meadows.

On June 21, 2010, Dean confronted Meadows regarding Meadows' alcohol and drug use. The confrontation resulted in a physical altercation between the mother and daughter that spilled into the yard of the residence and eventually onto petitioner's property. Meadow's young son, witnessing the fight, ran to petitioner's residence. Dean asked petitioner to call 911, and

---

[1] Michelle Dean-Meadows is now deceased.

1

petitioner complied. At that point, Meadows pursued petitioner into her residence and struck petitioner in the face at least once, causing injuries to petitioner.

Meadows was arrested and charged with burglary, disorderly conduct, obstruction, destruction of property, and battery. With the advice of counsel and as part of a plea agreement, Meadows pled guilty to battery. The court sentenced Meadows to ninety days in jail to be followed by six months of probation.

Petitioner initiated the present litigation in August of 2011 and later filed an amended complaint in February of 2013. In the amended complaint, petitioner alleged negligence against Dean and Meadows and sought declaratory judgment against Erie seeking coverage under Dean's homeowner's insurance policy. Erie denied coverage and defended petitioner's suit on two grounds: (1) that petitioner's claim fell within the Intentional Act Exclusion in the policy, and (2) that Meadows was not a resident of the Dean household. The Intentional Act Exclusion states as follows:

> We do not cover under Bodily Injury Liability Coverage, Property Damage Liability Coverage, Personal Injury Liability Coverage and Medical Payments to Others Coverage:
>
> 1.   Bodily injury, property damage or personal injury expected or intended by anyone we protect even if:
>
> a.   The degree, kind or quality of the injury or damage is different than what was expected or intended; or
>
> b.   A different person, entity, real or personal property sustained the injury or damage than was expected or intended.

Both Erie and Dean filed motions for summary judgment. In an August 4, 2014, order granting Erie's motion for summary judgment, the circuit court found that, because Meadows pled guilty to the crime of battery, she committed an intentional act that injured petitioner. The court concluded that Meadows' intentional act invoked the Intentional Act Exclusion in the policy and Erie was entitled to summary judgment. The circuit court did not find it necessary to resolve the question of Meadow's residency at the time of the incident. According to petitioner's brief, Meadows passed away in October of 2014, subsequent to the issuance of the court's order.

With respect to Dean's motion for summary judgment, the circuit court ruled that Dean had no affirmative duty to protect petitioner and that it was not foreseeable that Dean's conduct – confronting her daughter and asking petitioner to call 911 – would result in injury to petitioner because Meadows' criminal acts were an intervening and superseding cause. By order entered July 23, 2014, the court granted Dean's motion for summary judgment. Petitioner now appeals both orders to this Court.

**Discussion**

Rule 56(c) of the West Virginia Rules of Civil Procedure allows a motion for summary judgment to be granted in favor of respondents if the pleadings, depositions, answers to interrogatories, and any admissions on file, together with affidavits, if any, show that there is no genuine issue of material fact and that respondents are entitled to judgment as a matter of law. *See also Angelucci v. Fairmont General Hosp., Inc.,* 217 W.Va. 364, 618 S.E.2d 373 (2005). This Court reviews the circuit court's order granting of summary judgment *de novo*. Syl. Pt. 1, *Painter v. Peavy,* 192 W.Va. 189, 451 S.E.2d 755 (1994).

On appeal, petitioner raises three assignments of error. First, petitioner argues that the circuit court erred by ruling that Meadows' criminal plea to battery invoked the Intentional Exclusion Act Exemption excluding insurance coverage without further consideration of the intent on the part of Meadows. Petitioner contends that the Intentional Act Exclusion requires a determination of Meadows' subjective intent, i.e., whether Meadows intended the damage that resulted from her conduct. Petitioner states that the circuit court relied on case law that analyzed the exclusion and held that the intent to do harm can be inferred from the intentional act; however, in this case, the inference should be rebuttable. Petitioner contends that Meadows certainly did not intend to break petitioner's nose; rather, she was trying to stop her mother and son from calling the police and pled guilty to battery only to have the more serious charges dropped.

Petitioner argues further that there has been no judicial rejection of Meadows' claim of self-defense, and likewise, no judicial rejection of her claim of voluntary intoxication that negated her intent. Petitioner argues that Erie was permitted to escape paying on its policy because Meadows pled guilty simply to avoid more serious charges, not because she admitted to intentionally harming petitioner.

Upon our review of the record and the applicable case law, we must reject petitioner's argument. In *W.Va. Fire and Cas. v. Stanley,* 216 W.Va. 40, 602 S.E.2d 483 (2004), a sexual abuse case, we considered the same policy language that Erie relied upon in the present case and held that the intent to cause injury was inferred as a matter of law. Similarly, in *Horace Mann Ins. Co. v. Leeber,* 180 W.Va. 375, 376 S.E.2d 581 (1988), we held that when there is an intentional wrongful act, intent to do harm can be inferred.

Additionally, under facts somewhat more analogous to those in the present case, we held that where a policyholder is criminally convicted of an intentional act, he is estopped in a collateral civil action from denying that the act was anything other than intentional. *Baber v. Fortner,* 186 W.Va. 413, 412 S.E.2d 814 (1991). In *Baber,* a policyholder shot and killed his wife's boyfriend and was convicted by a jury of voluntary manslaughter despite his self-defense claim. In the subsequent wrongful death action, the policyholder's insurance carrier denied coverage in part due to the intentional acts exclusion. Similar to petitioner's argument in the present case with respect to Meadows, the policyholder in *Baber* argued that his criminal conviction was not a conclusive determination of his intent to harm the victim. We rejected that argument in *Baber* and we reject it in the present case as well. As we held in *Baber,* Meadows's conviction in the present case serves to estop the argument that her actions were anything other

3

than intentional. Accordingly, the circuit court did not err in finding that Erie properly denied coverage under the Intentional Acts Exclusion and that Erie was entitled to summary judgment in its favor.

Petitioner's second and third assignments of error challenge the dismissal of her negligence claim against Dean, and we address them together. Petitioner argues that the circuit court erred by finding that (1) Meadows's guilty plea was an intervening superseding act relieving Dean from any liability, and (2) Dean was not responsible for the actions of her adult daughter for her drug and alcohol-induced acts and consequences regardless of Dean's participation or contribution to such acts and consequences. The crux of petitioner's argument is that Dean initiated an argument with her daughter knowing of her daughter's violent tendencies and that it was foreseeable that Dean's request for petitioner to contact 911 would lead to an assault on petitioner.

In order to establish a negligence claim in West Virginia, "[a] plaintiff must prove by a preponderance of the evidence that the defendant owed a legal duty to the plaintiff and that by breaching that duty the defendant proximately caused the injuries of the plaintiff." *Neely v. Belk, Inc.,* 222 W.Va. 560, 668 S.E.2d 189, 197 (2008). "It is axiomatic that in order to establish a prima facie case of negligence in West Virginia, it must be shown that the defendant has been guilty of some act or omission in violation of a duty owed to the plaintiff. No action for negligence will lie without a duty broken." *Parsley v. General Motors Acceptance Corp.,* 167 W.Va. 866, 869, 280 S.E.2d 703, 706 (1981) (citations omitted).

In the present case, we agree with the circuit court's conclusions that, under the record developed below, Dean had no duty to protect petitioner from Meadows and that it was not foreseeable that Dean's conduct would cause injury to petitioner. The record is devoid of any evidence of a propensity for Meadows to attack her neighbors. Petitioner seeks to blame Dean for the actions of her adult daughter, but Dean's request for petitioner to call 911 is not conduct giving rise to a negligence action. Dean did not permit or encourage Meadows to assault petitioner.

In addition to there being no duty owed to petitioner, petitioner's injury was not foreseeable, which is a prerequisite for establishing causation. *See Syl. Pt. 6, Haddox v. Suburban Lanes, Inc.,* 176 W.Va. 744, 349 S.E.2d 910 (1986) ("Foreseeable injury is a requisite of proximate cause, and proximate cause is a requisite for actionable negligence, and actionable negligence is a requisite for recovery in an action for personal injury for negligently inflicted.") (citations omitted). We do not believe that Dean's confrontation with her daughter regarding her substance abuse would lead Dean to conclude that petitioner -- the next-door neighbor -- would be injured. Even if we were to assume for the sake of argument that Dean was negligent, Meadows' conduct was a superseding and intervening cause. In *Yourtree v. Hubbard,* 196 W.Va. 683, 690, 474 S.E.2d 613, 620 (1996), we held that "[g]enerally, a willful, malicious, or criminal act breaks the chain of causation." Accordingly, we agree with the circuit court that Dean was also entitled to summary judgment under the facts and circumstances presented in this case.

For the foregoing reasons, we affirm the circuit court's orders granting summary judgment in favor of Erie and Dean.

4

Affirmed.

**ISSUED:** June 12, 2015

**CONCURRED IN BY:**

Chief Justice Margaret L. Workman
Justice Robin Jean Davis
Justice Brent D. Benjamin
Justice Menis E. Ketchum
Justice Allen H. Loughry II